United States District Court
Southern District of Texas
ENTERED
November 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-2938 |
| | § | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Document No. 12). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is an immigration matter. Plaintiff John Doe ("Plaintiff") contends that he "is a victim of politically motivated persecution in Turkey" and "has been waiting for an [asylum] interview since December 1, 2021."[1] Based on the foregoing, Plaintiff filed suit in this Court, pursuant to federal question jurisdiction, asserting claims against Defendants United States Citizenship and Immigration Services

[1] *Plaintiff's Complaint*, Document No. 1 at 2.

("USCIS"), Markwayne Mullins, Bryan Hemming, and Joseph B. Edlow.[2] Plaintiff brings claims for "violation of administrative procedure act" and "mandamus[.]"[3] Accordingly, the Plaintiff seeks an injunction compelling Plaintiff's asylum interview and a writ of mandamus compelling Defendants to make a decision on Plaintiff's I-589.[4] On August 21, 2026, Defendants filed a motion to dismiss and alternative motion for summary judgment.[5] Plaintiff has not responded to Defendants' motion to dismiss either by the date required under the Federal Rules of Civil Procedure or by the date of this Order.

## II. STANDARD OF REVIEW

A court may dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Once a defendant raises lack of subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

---

[2] *Plaintiff's Complaint*, Document No. 1 at 1.

[3] *Plaintiff's Complaint*, Document No. 1 at 8, 10.

[4] *Plaintiff's Complaint*, Document No. 1 at 8, 12.

[5] *See Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment*, Document No. 12 at 1.

## III. LAW & ANALYSIS

Defendants move to dismissal Plaintiff's claims contending that "[d]ismissal . . . is proper because Plaintiff asserts two causes of action under the Mandamus Act and APA, and both fail as a matter of law."[6] Plaintiff did not respond to Defendants' motion to dismiss, failing to rebut or offer evidence to counter Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiff's failure to respond to the pending motion, the Court will consider, in turn, the merits of each of Plaintiff's claims against Defendants.

*A. Plaintiff's Mandamus Claim*

Defendants contend that "[b]ecause Plaintiff cannot satisfy the third element required for even entertaining mandamus relief, i.e., that 'no other adequate remedy exists,' *Wolcott*, 635 F.3d at 738, his claim to such relief fails as a matter of law and must be denied."[7] Plaintiff offers no rebuttal.

"[A] district court has 'jurisdiction [over] any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Wolcott v. Sebelius*, 635 F.3d 757,

---

[6] *Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment*, Document No. 12 at 2.

[7] *Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment*, Document No. 12 at 14.

766 (5th Cir. 2011) (quoting 28 U.S.C. § 1361). Furthermore, "[m]andamus may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists." *Wolcott*, 635 F.3d at 768 (citation omitted).

Here, Defendants contend that "[i]n asylum delay challenges under the APA, Section 706(1) unmistakably confers an adequate remedy, as it requires federal courts to 'compel agency action unlawfully withheld or unreasonable delayed[.]'"[8] Plaintiff offers no rebuttal. Based on the foregoing, the clear guidance of the Fifth Circuit that mandamus relief requires that no other remedy exists, and the clear language of the APA conferring a remedy, the Court finds that Plaintiff's mandamus claim fails as a matter of law, and thus, that Defendants' motion should be granted with respect to this claim. The Court will now consider the merits of Plaintiff's Administrative Procedure Act ("APA") claim.

*B. Plaintiff's APA Claim*

Defendants contend that "Plaintiff is statutorily precluded from claiming a private right of action to enforce the deadlines set forth in the immigration statute."[9] Plaintiff offers no rebuttal.

---

[8] *Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment*, Document No. 12 at 13 (quoting 5 U.S.C. § 706(1)).

[9] *Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment*, Document No. 12 at 13 (citing 8 U.S.C. § 1158(d)(7)).

The applicable immigration statute states, in relevant part, that "the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed" and that "any administrative appeal shall be filed within 30 days of a decision granting or denying asylum[.]" 5 U.S.C. § 705(d)(5). However, the statute also states that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 5 U.S.C. § 705(d)(7).

Here, Defendants contend that "[g]iven the unambiguous preclusion of any claim arising from the timeframes, the Court lacks jurisdiction to hear a case seeking to enforce them and Plaintiff's claims must be dismissed."[10] Plaintiff offers no rebuttal. Based on the foregoing, and the clear language of 5 U.S.C. § 705(d), the Court finds that Plaintiff has no right to a private cause of action arising from 5 U.S.C. § 705(d), and thus, that Plaintiff's claim must be dismissed.[11] Accordingly, the Court finds that Defendants' motion to dismiss should be granted.[12]

---

[10] *Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment*, Document No. 12 at 14.

[11] Considering the Court's finding that it lacks subject matter jurisdiction with respect to Plaintiff's APA claim, the Court declines to consider Defendants' arguments related to the merits of Plaintiff's APA claim.

[12] Considering the Court's finding that Defendants' motion to dismiss should be granted, the Court fails to reach Defendants' alternative motion for summary judgment.

<u>IV. CONCLUSION</u>

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Document No. 12) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against all Defendants are hereby **DISMISSED**.

SIGNED at Houston, Texas, on this 13 day of November, 2026.

David Hittner

DAVID HITTNER
United States District Judge